[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1995, defendant-appellant Elwood Taylor pleaded guilty to two counts of rape and two counts of endangering children. On June 1, 2000, while still incarcerated, Taylor was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. Following the hearing, Taylor was adjudicated a sexual predator. Taylor appeals this adjudication, asserting that insufficient evidence was presented to support the trial court's finding that he is a sexual predator.
To support a sexual-predator adjudication, the state is required to prove by clear and convincing evidence that the offender has pleaded guilty to or has been found guilty of a sexually-oriented offense and that the offender is likely to commit another sexually-oriented offense.[1] The factors that the trial court should consider when determining if the offender is a sexual predator are set forth in R.C. 2950.09(B)(2).[2]
R.C. Chapter 2950 is remedial, not punitive, in nature.[3]
The evidence before the trial court consisted of Taylor's presentence-investigation report, which included his prior criminal record, and a victim-impact statement. The record of the hearing establishes that Taylor had raped his two children, who were eight and twelve when the offenses occurred, and that he had provided the children with drugs and alcohol while committing the offenses. Further, the record demonstrates that Taylor had a lengthy prior criminal record. Based on this record, we hold that the trial court had sufficient evidence to satisfy the clear-and-convincing standard. Accordingly, we overrule Taylor's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _________________ Gorman, P.J.
Painter and Sundermann, JJ.
[1] See R.C. 2950.01(E) and 2950.09(C)(2)(b).
[2] See R.C. 2950.09(C)(2)(b).
[3] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.